UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MARINE, on behalf of himself, individually, and on behalf of all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | **Docket No.:** |
| -against- | Jury Trial Demanded |
| MANGU GRILL RESTAURANT INC. d/b/a MANGU GRILL RESTAURANT, and MANGU DOMINICAN GRILL CORPORATION d/b/a MANGU GRILL RESTAURANT, and ROBERTO VALERIO, individually, | |
| Defendants. | |

CARLOS MARINE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against MANGU GRILL RESTAURANT INC. ("Mangu Grill"), and MANGU DOMINICAN GRILL CORPORATION ("Dominican Grill"), both of which do business as MANGU GRILL RESTAURANT, and ROBERTO VALERIO, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1.   This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendants Mangu Grill and Dominican Grill are two legally distinct New York corporations that together operate as a single enterprise to run a Queens-based restaurant named Mangu Grill Restaurant. At all relevant times herein, Defendant Valerio has been and remains the owner of the enterprise. Up until November 2023, he was also its day-to-day overseer, at which time he delegated that responsibility to other managers while still maintaining final say over all personnel-related decisions. Plaintiff worked for Defendants as a cook from July 15, 2021, until July 24, 2024.

3. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due under the FLSA and the NYLL and the minimum wages due under the NYLL. Specifically, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each workweek, or virtually each week, but Defendants paid him a flat weekly salary that covered only his first forty hours of work in a week, and thus Defendants did not pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate, for all hours that he worked over forty in a week. Moreover, when

dividing his total hours worked per week by his weekly salary, Defendants, at times, paid Plaintiff at a rate that fell below the minimum wage rate that New York law required for all hours worked.

4. Defendants further violated the NYLL and the NYCRR by failing to: pay Plaintiff an additional one hour's pay, at the minimum wage rate, for all days when his spread of hours worked exceeded ten; provide Plaintiff with any wage notice at the time of his hire, let alone an accurate notice; and provide Plaintiff with any wage statement on each payday, let alone an accurate statement.

5. Defendants paid and treated all of their non-managerial back-of-house employees, such as cooks and food preparers, in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, as Plaintiff worked for Defendants at their restaurant located within this District.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Mangu Grill was and is a New York corporation that is registered to receive service of process at 5417 102nd Street, Corona, New York 11368, and which maintains its principal place of business located at 1503 College Point Boulevard, College Point, New York 11356.

11. At all relevant times herein, Defendant Dominican Grill is a New York corporation that is registered to receive service of process and that also maintains its principal place of business at 1503 College Point Boulevard, College Point, New York 11356.

12. At all relevant times herein, while legally distinct entities, Defendants Mangu Grill and Dominican Grill, in practice, operate together as a single enterprise in that both: are commonly owned and managed; are commonly controlled financially; co-mingle both non-managerial and managerial employees; and operate from the same location.

13. To that end, at all relevant times herein, Defendant Valerio was and is the owner of the enterprise and was its day-to-day overseer until in or around November 2023. In this role, prior to November 2023, Valerio was responsible for directly overseeing and managing the day-to-day operations of the enterprise, and was responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay and work schedules, and for maintaining employees' employment records, including those matters with respect to Plaintiff and FLSA Plaintiffs. Since November 2023, while not performing those tasks directly as he has delegated them to other managers, Valerio still maintains final say over all such decisions and actions.

14. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, the qualifying annual business of the entity Defendants has exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases numerous products that have moved across state lines, such as food supplies and kitchen equipment needed to prepare food, and have accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial back-of-house employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as cooks, food preparers, or in a similar role, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

5

at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and continue to choose not to do so. Specifically, Plaintiff repeatedly complained to one of his managers, Matiel (last name unknown), that Defendants were not paying him overtime compensation for his hours worked over forty in a week, yet Defendants continued to violate the FLSA by requiring him to work over forty hours in a week without paying him overtime.

18. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## BACKGROUND FACTS

19. Defendants Mangu Grill and Dominican Grill, as described above, were and are legally distinct New York corporations that together operate as a single enterprise to run a restaurant that holds itself out to the public as Mangu Grill Restaurant, which is located at 1503 College Point Boulevard, College Point, New York 11356.

20. At all relevant times, Defendant Valerio has been the owner of the enterprise, who prior to November 2023, was directly responsible for all personnel-related matters as detailed above, and who since that time, has maintained final say and responsibility over all of those matters. Indeed, Valerio personally hired Plaintiff, and prior to November 2023, personally determined the schedule and hours that Plaintiff worked, set and paid Plaintiff his wages, and

maintained or should have maintained his employment records. Thereafter, Valerio delegated the day-to-day management of these matters to his managers, but he still maintained final authority over them.

21.     Plaintiff worked for Defendants as a cook from July 15, 2021, until July 24, 2024. As his title suggests, Plaintiff worked in the kitchen, and his duties involved preparing the food and cleaning the kitchen.

22.     From the beginning of Plaintiff's employment until in or around November 2023, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, Saturday to Thursday, from 3:00 p.m. to 11:00 p.m., without any scheduled or uninterrupted break during his shifts. Moreover, during the summer of 2023, Defendants additionally required Plaintiff to work, and Plaintiff did generally work, either one double shift each week from 7:00 a.m. to 11:00 p.m., or an additional shift on Friday from 3:00 p.m. to 11:00 p.m. After in or around November 2023, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, Monday to Saturday, from 3:00 p.m. to 11:00 p.m., without any scheduled or uninterrupted break during his shifts. Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, either forty-eight or fifty-six hours in a week.

23.     In exchange, Defendants paid Plaintiff a flat weekly salary that did not change regardless of how many hours he worked in a week, as follows: from the beginning of his employment until in or around November 2023, $650.00; and from in or around November 2023 until the end of his employment, $1,000.00. The weekly salary that Defendants paid Plaintiff operated by law to cover only the first forty hours that he worked in a week. Defendants, therefore, did not pay Plaintiff any wages for any hours that he worked in a week over forty.

24.     Additionally, when dividing his weekly salary by his total hours worked in a week, Defendants, until in or around November 2023, paid Plaintiff less than the minimum wage rate that the NYLL required for all hours worked.

25.     By way of example only, for the week of October 23 through October 29, 2023, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

> Monday, October 23, 2023: 3:00 p.m. to 11:00 p.m.;
>
> Tuesday, October 24, 2023: 3:00 p.m. to 11:00 p.m.;
>
> Wednesday, October 25, 2023: 3:00 p.m. to 11:00 p.m.;
>
> Thursday, October 26, 2023: 3:00 p.m. to 11:00 p.m.;
>
> Friday, October 27, 2023: off;
>
> Saturday, October 28, 2023: 3:00 p.m. to 11:00 p.m.; and
>
> Sunday, October 29, 2023: 3:00 p.m. to 11:00 p.m.

Accordingly, Plaintiff worked a total of forty-eight hours during this week.  In exchange for his work, Defendants paid Plaintiff his flat weekly salary of $650.00, which covered only the first forty hours that Plaintiff worked.  Defendants failed to pay Plaintiff at any rate for the eight hours that he worked this week over forty.  Moreover, for minimum wage purposes, while the applicable New York minimum wage rate at this time was $15.00 per hour, Defendants paid Plaintiff at an effective hourly rate equivalent to $13.54.

26.     By way of second example only, for the week of January 8 through January 14, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

> Monday, January 8, 2024: 3:00 p.m. to 11:00 p.m.;

8

    Tuesday, January 9, 2024: 3:00 p.m. to 11:00 p.m.;

    Wednesday, January 10, 2024: 3:00 p.m. to 11:00 p.m.;

    Thursday, January 11, 2024: 3:00 p.m. to 11:00 p.m.;

    Friday January 12, 2024: 3:00 p.m. to 11:00 p.m.;

    Saturday, January 13, 2024: 3:00 p.m. to 11:00 p.m.; and

    Sunday, January 14, 2024: off.

Accordingly, Plaintiff worked a total of forty-eight hours during this week.  In exchange for his work, Defendants paid Plaintiff his flat weekly salary of $1,000.00, which covered only the first forty hours that Plaintiff worked.  Defendants failed to pay Plaintiff at any rate for the eight hours that he worked this week over forty.

  27. Further, during the summer of 2023, as detailed above, Defendants sometimes required Plaintiff to work shifts that exceeded ten hours from start to finish, yet for those days, Defendants failed to pay him an additional one hour's pay at the applicable minimum wage rate.

  28. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone a notice that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

  29. Throughout Plaintiff's employment, Defendants paid Plaintiff on a weekly basis. From the beginning of Plaintiff's employment until in or around November 2023, Defendants paid Plaintiff in cash.  From in or around November 2023 until the end of Plaintiff's employment, Defendants paid Plaintiff by check.

  30. On each occasion when Defendants paid Plaintiff, regardless of whether it was by cash or check, they failed to provide Plaintiff with any wage statement, let alone a statement that

9

accurately listed, *inter alia*, his actual hours worked, his regular and overtime rates of pay, his overtime wages owed, and his spread-of-hours wages owed. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

31. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

32. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

33. Each hour that Plaintiffs and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

34. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

36. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

37. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

38. Defendants willfully violated the FLSA.

39. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

41. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

44. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

45. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

46. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

47. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

50. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts into this action, at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

51. At the least, Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

52. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

53. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

55. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

56. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

57. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

58. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

59. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

61. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

62. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage notice, let alone a notice that accurately contained the criteria that the NYLL requires.

63. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

64. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

66. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

67. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage statement, let alone a statement that accurately contained all of the criteria that the NYLL requires.

68. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

69. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

    a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

    b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

    d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Awarding liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Awarding pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
April 21, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
MICHAEL J. BORRELLI (MB 8533)
ALEXANDER T. COLEMAN (AC 8151)
DANIELLE FILACOURIS, ESQ. (DF 5566328)